UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
AT DAYTON

**IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST**,
1470 Worldwide Place
Vandalia, Ohio 45377

and

**IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY PENSION TRUST**,
1470 Worldwide Place
Vandalia, Ohio 45377

and

**IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY ANNUITY TRUST**,
1470 Worldwide Place
Vandalia, Ohio 45377

       Plaintiffs,

   v.

**J & H REINFORCING AND STRUCTURAL ERECTORS, INC.**,
1406 Tenth Street, P.O. Box 60
Portsmouth, OH 45662

and

**DONALD A. HADSELL**,
1406 Tenth Street, P.O. Box 60
Portsmouth, OH 45662

       Defendants.

CASE NO. 3:18-CV-17

JUDGE

**COMPLAINT FOR MONEY DAMAGES, INJUNCTIVE RELIEF, AND ATTORNEYS' FEES FOR VIOLATIONS OF ERISA AND THE LMRA**

<u>STATEMENT OF THE CASE</u>

1.     This is a suit brought by three employee benefit plans, Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust ("Benefit Trust"), Pension Trust ("Pension Trust"), and Annuity Trust ("Annuity Trust) (collectively the "Trusts" or "Plaintiffs"), against: (i) J & H Reinforcing and Structural Erectors, Inc. ("J&H") for its violations of Section 515 of Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145.; (ii) J&H for its violations of Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185; and (iii) J&H's owner and principal officers Donald A. Hadsell (J&H and Hadsell are collectively the "Defendants"), for his violations of ERISA by breaching his fiduciary duties owed to the Trusts; and (iv) Defendant Hadsell for his prohibited transactions are a party-in-interest under ERISA. Plaintiffs seek to recover unpaid liquidated damages, interest, and equitable relief from Defendants, jointly and severally. Plaintiffs further seek from Defendants, jointly and severally, their reasonable attorneys' fees and collection costs. Lastly, Plaintiffs seek post-judgment interest pursuant to Title 28 U.S.C. § 1961 on all monetary relief granted in this case.

<u>PARTIES - BENEFIT TRUST</u>

2.     Plaintiff, **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST** ("Benefit Trust") was created pursuant to a written Agreement and Declaration of Trust ("Benefit Trust Agreement"), entered into on August 1, 1952, between various labor organizations affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO ("Participating Unions") and various employers having collective bargaining agreements ("CBAs") with the Participating Unions involved.  The Benefit Trust Agreement has been amended from time to time. The Benefit Trust Agreement is attached hereto as **Exhibit 1**.

3. The Benefit Trust was created for the purpose of providing and maintaining life insurance, weekly accident and sickness benefits, hospitalization coverage, medical and surgical coverage, and dental coverage for the benefit of participating employees and their families.

4. The Benefit Trust is an employee welfare benefit plan and employee benefit plan within the meaning of Section 3(1) and 3(3) of ERISA, 29 U.S.C. § 1002(1) and (3).

5. The Benefit Trust is a third-party beneficiary to the collective bargaining agreement relevant herein ("CBAs") under which Defendants owe a duty to timely remit fringe benefit contributions.

<u>PARTIES - PENSION TRUST</u>

6. Plaintiff, **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY PENSION TRUST** ("Pension Trust"), was created pursuant to a written Agreement and Declaration of Trust ("Pension Trust Agreement"), entered into on October 30, 1962, between various labor organizations affiliated with the Participating Unions and various employers having CBAs with the Participating Unions involved. The Pension Trust Agreement has been amended from time to time. The Pension Trust Agreement is attached hereto as **Exhibit 2**.

7. The Pension Trust was created for the purpose of providing pension, retirement, and death benefits for participating employees and their beneficiaries.

8. The Pension Trust is an employee pension benefit plan and an employee benefit plan within the meaning of Section 3(2) and 3(3) of ERISA, Title 29 U.S.C. § 1002(2) and (3).

9. The Pension Trust is a third-party beneficiary to the CBAs under which Defendants owe a duty to timely remit fringe benefit contributions.

PARTIES – ANNUITY TRUST

10.     Plaintiff, **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO &**
**VICINITY ANNUITY TRUST** ("Annuity Trust") (hereinafter the Benefit Trust, the Pension
Trust, and the Annuity Trust shall be referred to collectively as the "Trusts" or "Plaintiffs"), was
created pursuant to a written Agreement and Declaration of Trust ("Annuity Trust Agreement")
(hereinafter the Benefit Trust Agreement, the Pension Trust Agreement, and the Annuity Trust
Agreement shall be referred to collectively as the "Trust Agreements"), entered into on April 27,
1971, between various labor organizations affiliated with the Participating Unions and various
employers having CBAs with the Participating Unions involved. The Annuity Trust Agreement
has been amended from time to time. The Annuity Trust Agreement is attached hereto as **Exhibit**
**3**.

11.     The Annuity Trust was created for the purpose of providing annuity benefits for
participating employees and their beneficiaries.

12.     The Annuity Trust is an employee benefit plan within the meaning of Section 3(3) of
ERISA, Title 29 U.S.C. § 1002(3).

13.     The Annuity Trust is a third-party beneficiary to the CBAs under which Defendants owe a
duty to timely remit fringe benefit contributions.

PARTIES – J&H REINFORCING AND STRUCTURAL ERECTORS, INC.

14.     Upon information and belief, J&H Reinforcing and Structural Erectors, Inc. ("J&H") is
headquartered, incorporated, and performing work in the State of Ohio.

PARTIES – DONALD A. HADSELL

15.     Upon information and belief, Donald A. Hadsell is the owner and principal officer of J&H
and is a resident of the State of Ohio.

## JURISDICTION, VENUE, AND STANDING

16.     Pursuant to Sections 502(a)(3), (e)(1), (f), and (g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3), (e)(1), (f), (g)(2), the United States District Courts have exclusive jurisdiction over this case, without regard to the amount in controversy or the citizenship of the parties, to enforce the provisions of ERISA, or the terms of the plan, or to remedy violations of Section 515 of ERISA, 29 U.S.C. § 1145.

17.     The Trusts' principal place of operation and administration is located in the City of Vandalia, Montgomery County, State of Ohio, and as such, is within the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. § 115(b)(1) for the first, third, and fourth count of this complaint.

18.     The first, third, and fourth counts in this complaint are properly brought in the United States District Court for the Southern District of Ohio, Western Division, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides that actions to redress violations of ERISA may be brought in a District Court of the United States where the plan is administered, and process may be served in any other district where a defendant resides or may be found.

19.     Further, this Court has jurisdiction over Plaintiffs' second count in this complaint pursuant to Section 301(c) of the LMRA, 29 U.S.C. 185(c), which provides:

> For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization: (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.

20.     Venue of Plaintiffs' second count in the complaint is properly conferred upon this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), which provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter…may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

21.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because the Plaintiffs and Defendants all reside within this judicial district.

22.     The Trusts have standing for the first, third, and fourth claims to bring this suit in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C.§ 1132(d)(1), which provides that the Trusts may sue, as entities, for the relief sought in this case.

23.     The Trusts have standing to bring the second claim under the LMRA as third-party beneficiaries to the CBAs.

<u>THE TRUSTS ARE MULTIEMPLOYER PLANS<br>WITHIN THE MEANING OF ERISA</u>

24.     The Trusts are maintained pursuant to one or more collective bargaining agreements between one or more labor organizations and more than one employer. The collective bargaining agreements require more than one employer to contribute to the Trusts.  Hence, the Trusts are multiemployer plans within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

<u>RELEVANT COLLECTIVE BARGAINING AGREEMENT</u>

25.     At all times relevant to this suit, J&H has been bound to the terms of a collective bargaining agreement with Iron Workers Local No. 172, Columbus, Ohio ("Local 172") and Iron Workers Local No. 769, Ashland, Kentucky ("Local 769"). Further, at all relevant times J&H has been bound to a participation agreement binding it to the Trust Agreements. A copy of the most-recent participation agreement signed by J&H is attached hereto as **Exhibit 4**.

26. Pursuant to that agreement, J&H must pay the wage and fringe benefit rates provided for in the CBAs with Local 172 and Local 769 which are Participating Unions affiliated with the International Association of Bridge, Structural, and Ornamental Iron Workers. The CBAs establish the terms and conditions of employment of Defendant J&H's bargaining unit employees covered thereunder.

27. Among the terms and conditions of employment established by the CBAs is the requirement that J&H contribute a certain amount of money per hour for each covered employee to the Trusts as provided by the CBAs.

28. The CBAs bind J&H to the Trust Agreements and all provisions therein.

<u>TRUST AGREEMENTS AND COLLECTION POLICY</u>

29. Pursuant to Article I, Section 6 of the Benefit Trust Agreement and Article III, Section 6 of the Pension Trust Agreement and Annuity Trust Agreement, Employer Contributions "are Fund Assets at the time that they become due as stated in the collective bargaining agreements between the Unions and the Employers, the participation agreements, and [the] Trust Agreement[s]."

30. Pursuant to Article I, Section 15 of the Benefit Trust Agreement and Article III, Section 15 of the Pension Trust Agreement and Annuity Trust Agreement, "Fund Assets" include:

> [T]he sums of money that have been or will be paid or which are due and owing to the Trusts by the Employers as Employer Contributions required by the collective bargaining agreements between the Unions and the Employers, the participation agreements, the Trust Agreements, as well as signed stipulations (including, but not limited to settlement agreements, promissory notes, and judgments), or applicable law.

31. Pursuant to Article III, Section 10 of the Benefit Trust Agreement and Article VIII and Section 10 of the Pension Trust Agreement and Annuity Trust Agreement, a contributing employer's owners, officers, employees, agents, and/or representatives may be held personally

liable for failing to make Employer Contributions, which as a result of their delinquent payment have become Fund Assets, providing as follows:

> Not by way of limitation, any of an Employer's officers, owners, employees, agents, and/or representatives, however characterized, who exercise discretion and/or control with respect to the management, disposition, payment, or nonpayment of Employer Contributions that are due and owing to the [Trusts] (or any Fund Assets) shall be deemed "fiduciaries" of the [Trusts] within the meaning of [ERISA], including but not limited to 29 U.S.C. §1002(21)(A)(i), and shall be personally liable to the [Trusts] for the unpaid contributions, as well as all other amounts and damages resulting from the breach of fiduciary duty pursuant to ERISA, including but not limited to 29 U.S.C. §1109.

32.    Pursuant to Article V, Section 4 of the Benefit Trust Agreement and Article VI, Section 6 of the Pension Trust Agreement and Annuity Trust Agreement, the Trustees are empowered to promulgate such rules and regulations as may in their discretion, be deemed proper and necessary for the sound and efficient administration of the Trusts.

33.    Pursuant to this power, the Trusts Board of Trustees collective approved a Statement of Policies and Procedures on Delinquency Collections ("Collections Policy"). A copy of this document, and its amendments, is attached hereto as **Exhibit 5**.

34.    The Collection Policy, and all other policies of the Trusts, is binding on J&H through the Trust Agreements.

35.    Pursuant to the Trust Agreement and the Collection Policy, which J&H is bound through the CBAs, J&H is assessed liquidated damages and interest when it delinquently remits fringe benefit contributions.

## COUNT I – DEFENDANT J&H HAS DELINQUENTLY REMITTED ITS CONTRIBUTIONS TO THE TRUSTS AND HAS FAILED TO PAY THE REQUIRED LIQUIDATED DAMAGES AND INTEREST IN VIOLATION OF SECTION 515 OF ERISA, 29 U.S.C. § 1145

36.    The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

37.     Defendant J&H has employed workers whose terms and conditions of employment are set forth in the CBAs.

38.     Among the terms and conditions of employment in the CBAs is the requirement that J&H make fringe benefit contributions to the Trusts on behalf of covered employees.

39.     J&H has failed to timely make certain fringe benefit contributions to the Trusts on behalf of their covered employees, as is required by the terms of the Trust Agreements and the Collection Policy.

40.     Defendant J&H's failure and refusal to pay liquidated damages and interest as required under the Trust Agreements and Collection Policy is a violation of Section 515 of ERISA, 29 U.S.C. §1145.

<u>THE BENEFIT TRUST'S CLAIMS AGAINST DEFENDANT J&H</u>

41.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

42.     Article III of the Benefit Trust Agreement, to which J&H has agreed to be bound by virtue of signing the CBAs, requires that J&H pay liquidated damages and interest to the Benefit Trust if it delinquently remits contributions.

43.     Further, the Collection Policy requires that J&H pay liquidated damages and interest to the Benefit Trust if it delinquently remits contributions.

44.     Defendant J&H has failed and refused to make timely employer contributions to the Benefit Trust as is required by the Benefit Trust Agreement and the Collection Policy.

45.     Upon information and belief, as a result of Defendant J&H's failure and refusal to make timely employer contributions to the Benefit Trust, pursuant to Article III of the Benefit Trust Agreement, it owes to the Benefit Trust liquidated damages and interest, which have not been paid.

46. Based on the documents and information that Defendant J&H has provided to the Trusts, it is known to owe the Benefit Trust **$7,715.18** in liquidated damages and interest.

47. J&H has failed to submit contribution reports for work performed in November and December 2017, meaning there is an unknown amount of fringe delinquent contributions owed by J&H and as such amounts are past due, both liquidated damages and interest will be assessed upon their payment, the amount of which are also currently unknown.

48. The Benefit Trust has been forced to bring this legal action to collect the delinquent amounts owed by J&H, and the Benefit Trust is entitled to its costs and reasonable attorneys' fees pursuant to Article III, Section 8 of the Benefit Trust Agreement, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

PENSION TRUST'S CLAIMS AGAINST DEFENDANT J&H

49. The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

50. Article VIII of the Pension Trust Agreement, to which J&H has agreed to be bound by virtue of signing the CBAs, requires that J&H pay liquidated damages and interest to the Pension Trust if it delinquently remits contributions.

51. Further, the Collection Policy requires that J&H pay liquidated damages and interest to the Pension Trust if it delinquently remits contributions.

52. Defendant J&H has failed and refused to make timely employer contributions to the Pension Trust as is required by the Pension Trust Agreement and the Collection Policy.

53. Upon information and belief, as a result of Defendant J&H's failure and refusal to make timely employer contributions to the Pension Trust, pursuant to Article VIII of the Pension Trust

Agreement, it owes to the Pension Trust liquidated damages and interest, which have not been paid.

54.     Based on the documents and information that Defendant J&H has provided to the Trusts, it is known to owe the Pension Trust **$9,413.74** in liquidated damages and interest.

55.     J&H has failed to submit contribution reports for work performed in November and December 2017, meaning there is an unknown amount of fringe delinquent contributions owed by J&H and as such amounts are past due, both liquidated damages and interest will be assessed upon their payment, the amount of which are also currently unknown.

56.     The Pension Trust has been forced to bring this legal action to collect the delinquent amounts owed by J&H, and the Pension Trust is entitled to its costs and reasonable attorneys' fees pursuant to Article VIII, Section 5 of the Pension Trust Agreement, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

<u>ANNUITY TRUST'S CLAIMS AGAINST DEFENDANT J&H</u>

57.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

58.     Article VIII of the Annuity Trust Agreement, to which J&H has agreed to be bound by virtue of signing the CBAs, requires that J&H pay liquidated damages and interest to the Annuity Trust if it delinquently remits contributions.

59.     Further, the Collection Policy requires that J&H pay liquidated damages and interest to the Annuity Trust if it delinquently remits contributions.

60.     Defendant J&H has failed and refused to make timely employer contributions to the Annuity Trust as is required by the Annuity Trust Agreement and the Collection Policy.

61.     Upon information and belief, as a result of Defendant J&H's failure and refusal to make timely employer contributions to the Annuity Trust, pursuant to Article VIII of the Annuity Trust Agreement, it owes to the Annuity Trust liquidated damages and interest, which have not been paid.

62.     Based on the documents and information that Defendant J&H has provided to the Trusts, it is known to owe the Annuity Trust **$4,265.23** in liquidated damages and interest.

63.     J&H has failed to submit contribution reports for work performed in November and December 2017, meaning there is an unknown amount of fringe delinquent contributions owed by J&H and as such amounts are past due, both liquidated damages and interest will be assessed upon their payment, the amount of which are also currently unknown.

64.     The Annuity Trust has been forced to bring this legal action to collect the delinquent amounts owed by J&H, and the Annuity Trust is entitled to its costs and reasonable attorneys' fees pursuant to Article VIII, Section 5 of the Annuity Trust Agreement, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

<u>PLAINTIFFS ARE EMPOWERED BY ERISA TO REQUIRE DEFENDANT J&H TO SUBMIT TO AN AUDIT</u>

65.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

66.     Pursuant to Trust Agreements and Collection Policy, Defendant J&H is required to allow Plaintiffs' authorized agent(s) access to their payroll records for the purpose of a payroll audit.

67.     Plaintiffs are seeking to enforce the terms of said Trust Agreements and Collection Policy pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), by obtaining an order requiring J&H to provide access to such records and submit to an audit if Plaintiffs' board of trustees determine such action is necessary.

### COUNT II- DEFENDANT J&H'S FAILURE TO TIMELY REMIT CONTRIBUTIONS OR TO PAY ALL OWED LIQUIDATED DAMAGES AND INTEREST ARE A VIOLATION OF THE LMRA, 29 U.S.C. §185

**A. Defendant J&H Failed to Pay Liquidated Damages and Interest to Plaintiffs in violation of the CBAs, which Incorporate the Trust Agreements, Thereby Violating the LMRA**

68. The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

69. Pursuant to the CBAs, Defendant J&H agreed to be bound to the Trust Agreements and Collection Policy.

70. Pursuant to the Trust Agreements, which are incorporated into the CBAs, Defendant J&H is obligated to timely make all fringe benefit contributions and a failure to timely remit all contributions results in the assessment of liquidated damages and interest.

71. By failing to timely remit all fringe benefit contributions and pay the required liquidated damages and interest due under the Trust Agreements and Collection Policy, Defendant J&H has violated the CBAs which incorporate the Trust Agreements and thereby incorporating the Collection Policy.

72. Defendant J&H's failure to timely remit all fringe benefit contributions and pay the required liquidated damages and interest in accordance with the CBAs are violations of Section 301 of the LMRA, 29 U.S.C. §185.

**B. Plaintiffs are Empowered by the CBAs and the LMRA to Require Defendant J&H to Submit to, and Pay for, an Audit**

73. The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

74. Pursuant to the CBAs, Defendant J&H agreed to be bound to the Trust Agreements and Collection Policy.

75.     Pursuant to the Trust Agreements, the Plaintiffs may require J&H to submit to an audit. If the audit finds J&H delinquent in remitting contributions for any reason, it is liable for all costs associated with the audit.

76.     Plaintiffs are seeking an order to require Defendant J&H to abide by the terms of the CBAs and require J&H to submit to an audit, if Plaintiffs determine such action is necessary, and finding any refusal to submit to said audit by J&H to be a violation of Section 301 of the LMRA, 29 U.S.C. §185.

## COUNT III –DEFENDANT DONALD A. HADSELL BREACHED HIS FIDUCIARY DUTIES IN VIOLATION OF SECTION 409 OF ERISA, 29 U.S.C. § 1109

77.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

78.     Upon information and belief, Mr. Hadsell is the principal officer of J&H.

79.     Upon information and belief, Mr. Hadsell is J&H's principal shareholder.

80.     Upon information and belief, Mr. Hadsell has a controlling ownership interest in J&H.

81.     Upon information and belief, Mr. Hadsell has authority to contractually bind J&H.

82.     Upon information and belief, Mr. Hadsell has authority to spend money on behalf of J&H.

83.     Upon information and belief, Mr. Hadsell is authorized to sign checks on behalf of J&H.

84.     Upon information and belief, Mr. Hadsell chooses to pay other creditors, including himself, rather than contributions owed to Plaintiffs by J&H.

85.     J&H has failed to pay timely remit fringe benefit contributions leading to the assessment of liquidated damages and interest which J&H refuses to pay. Further, J&H has failed to timely remit fringe benefit contributions for November and December 2017.

86.     Upon information and belief, Mr. Hadsell is responsible for the timely submission of the hourly contribution reports to the Plaintiffs and was responsible for the delinquent submissions of

the same.

87.     Upon information and belief, at all relevant times herein, Mr. Hadsell has the power and authority to pay J&H's creditors, including Plaintiffs.

88.     Upon information and belief, at all relevant times herein, Mr. Hadsell has exercised his authority and control with respect to J&H's finances, including making determinations as to which creditors would be paid and in what order.

89.     Upon information and belief, at all relevant times herein, Mr. Hadsell directly and personally determined that J&H would not pay Plaintiffs owed fringe benefit contributions, liquidated damages, and interest.

90.     Upon information and belief, at all relevant times herein, Mr. Hadsell determined that J&H's assets and monies would be used to pay other creditors, expenses, or that said assets and monies would be diverted to the general assets of J&H, or used for other purposes, besides paying its fringe benefit contributions, liquidated damages, and other amounts owed to Plaintiffs.

91.     Upon information and belief, at all relevant times Mr. Hadsell directly and personally determined that J&H's assets would be used for purposes other than the sole and exclusive purpose of providing benefits to Plaintiffs' participants and beneficiaries, defraying Plaintiffs' reasonable expenses, and paying the required contributions, interest, and liquidated damages to Plaintiffs on behalf of their participants.

92.     Upon information and belief, Mr. Hadsell is a fiduciary under Article III, Section 10 of the Benefit Trust Agreement, Article VIII, Section 10 of the Pension Trust Agreement and Annuity Trust Agreement, and under Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i) because he exercises (or because he has exercised) discretionary authority and control over J&H and its financial assets, which should have been used to pay amounts owed to Plaintiffs. J&H's financial

assets have not been applied to satisfy fringe benefit contributions, liquidated damages, and other monetary amounts that are owed to Plaintiffs, which remain outstanding as alleged herein.

93.     J&H possesses Plaintiffs' Fund Assets, which it is wrongfully withholding without cause at the behest of Mr. Hadsell.

94.     Upon learning of J&H's delinquency and possession of Plaintiffs' Fund Assets, Mr. Hadsell has not taken any corrective action.

95.     Mr. Hadsell owes fiduciary duties to Plaintiffs and their participants, with such duties being set forth in Sections 404(a), 406, and 408 of ERISA, 29 U.S.C. §§ 1104(a), 1106, and 1108.

96.     Upon information and belief, Mr. Hadsell grossly and deliberately breached his fiduciary duties to Plaintiffs by failing to make J&H remit employer contributions, interest, and liquidated damages to Plaintiffs, and by diverting such amounts for other purposes.  In so doing, Mr. Hadsell:

> failed to discharge his fiduciary duties with respect to Plaintiffs solely in the interest of the participants and beneficiaries of the plans: (i) in violation of Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1); (ii) for the exclusive purpose of providing benefits to the participants and beneficiaries of those plans, in violation of Section 404(a)(1)(A)(i) of ERISA, 29 U.S.C. §1104(a)(1)(A)(i); and (iii) in accordance with the documents and instruments governing those plans, in violation of Section 404(a)(1)(D) of ERISA, 29 U.S.C. §1104(a)(1)(D); caused Plaintiffs' participants to suffer a loss of benefits and rights to which they were entitled under the terms of Plaintiffs' plans.

97.     Upon information and belief, by the aforementioned acts, errors, and omissions described herein, Mr. Hadsell has breached his fiduciary duties to Plaintiffs.  Pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109, Hadsell is personally liable to make good to Plaintiffs and their participants for all losses resulting from such breaches.

## COUNT IV – DEFENDANT HADSELL ENGAGED IN ONE OR MORE THAN ONE PROHIBITED TRANSACTIONS

98.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

99.     Mr. Hadsell, in his capacity as a fiduciary to Plaintiffs and as an officer/shareholder of J&H, is a party in interest to Plaintiffs as set forth in Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

100.    J&H is required to contribute to Plaintiffs, bound to the Trust Agreements, bound to the CBAs, as set forth above, and is a party in interest to Plaintiffs as set forth in Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

101.    Upon information and belief, by diverting, permitting, or allowing the diversion of employer fringe benefit contributions and other monies from Plaintiffs that could have been applied to satisfy J&H's delinquent fringe benefit contributions and other amounts owed to Plaintiffs, Mr. Hadsell dealt with Plaintiffs' assets in his own interest or account or in the related interest or account of J&H over which he has authority and control, in violation of Section 406(b) of ERISA, 29 U.S.C. § 1006(b).

102.    Upon information and belief, by diverting, permitting, or allowing the diversion of employer fringe benefit contributions and other monies from Plaintiffs for his own interest or for the related interest of J&H, Mr. Hadsell engaged in prohibited transactions under ERISA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this honorable Court grant them the following relief:

## AS TO DEFENDANT J&H

1.      A declaratory judgment against J&H, finding it bound to the CBAs, the Trust Agreements, and the Collection Policy.

2.      A monetary judgment against J&H in favor of Plaintiffs for all known and owed liquidated damages and interest of **$16,067.73**.

3.      A monetary judgment against J&H in favor of Plaintiffs for the attorneys' fees and other costs Plaintiffs incurred in pursuance of this action.

4.      A permanent injunction against J&H be issued pursuant to Section 502(g)(2)(E) of ERISA prohibiting future violations of Section 515 of ERISA, 29 U.S.C. §1145 with respect to the Trusts.

5.      A declaratory order from this Court requiring J&H to timely submit all missing contribution reports and to timely submit all such reports in the future.

6.      A monetary judgment against J&H for all unpaid fringe benefit contributions, interest, and liquidated damages.

7.      A declaratory order from this Court requiring J&H to comply with the Trusts' auditor's request to examine and review the documents necessary to complete a payroll audit, should the Trusts' Board of Trustees determine it is necessary.

8.      An order directing disgorgement of all ill-gotten gains by J&H, including employer contributions that have been wrongfully withheld from the Funds.

9.      Post-judgment interest pursuant to 28 U.S.C. §1961.

10.    Such other legal or equitable relief as this Court deems appropriate.

## AS TO DEFENDANT HADSELL

1.      A declaratory order finding that Mr. Hadsell has breached his fiduciary duties owed to Plaintiffs.

2.      A declaratory order finding that Mr. Hadsell has engaged in prohibited transactions under ERISA.

3.     A declaratory order finding that Mr. Hadsell is jointly and severally liable with J&H to reimburse the Trusts for all losses resulting from each such breach pursuant to Section 409(a) of ERISA, 29 U.S.C. §1109(a), including all delinquent fringe benefit contributions, interest, liquidated damages, costs, and attorneys' fees, with such known amounts totaling **$16,067.73** owed to Plaintiffs.

4.     A monetary judgment against Mr. Hadsell in favor of Plaintiffs for all unpaid liquidated damages and interest owed by J&H, as alleged above.

5.     An order directing an accounting of all of J&H's delinquent contributions that have not been paid to the Trusts due to Mr. Hadsell's orders or direction, and an accounting of all losses suffered by the Trusts and their participants as a result of Mr. Hadsell's fiduciary breaches and prohibited transactions, with costs of such accounting to be paid by Mr. Hadsell.

6.     A monetary judgment against Mr. Hadsell in favor of Plaintiffs for the attorneys' fees and other costs Plaintiffs incurred in pursuance of this action.

7.     A monetary judgment directing Mr. Hadsell to pay to the Trusts all amounts required to recover the losses suffered by the Trusts and their participants, including all rights and benefits to which such participants were entitled to under the Trusts' plans of benefits, as a result of his breaches of fiduciary duty and prohibited transactions.

8.     An order directing disgorgement of all ill-gotten gains by Mr. Hadsell, including employer contributions that have been wrongfully withheld from the Trusts.

9.     Post-judgment interest pursuant to 28 U.S.C. § 1961.

10.     Such other relief as the Court may deem equitable and just under the circumstances.

11. That this Court retain jurisdiction of this cause pending compliance by the Defendants with its orders.

Respectfully submitted,

 /s/ Joseph C. Hoffman, Jr.
Joseph C. Hoffman, Jr. (Ohio Reg. No. 0056060)
Joseph D. Mando (Ohio Reg. No. 0082835)
Matthew T. Hurm (Ohio Reg. No. 0088818)
Faulkner, Hoffman & Phillips, LLC
20445 Emerald Parkway Dr., Suite 210
Cleveland, Ohio 44135-6029
Phone: (216) 781-3600
Fax:    (216) 781-8839
Email: hoffman@fhplaw.com
Email: mando@fhplaw.com
Email: hurm@fhplaw.com

*Attorneys for Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust, et al.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of January, 2018, a copy of the foregoing complaint was served via certified mail pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h) on the following:

Secretary of the Treasury
Internal Revenue Service
1111 Constitution Avenue, N.W., Room 4428
Washington, D.C. 20224
Attention:     Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210
Attention:     Assistant Solicitor for
               Plan Benefits Security

Respectfully submitted,

/s/ Joseph C. Hoffman, Jr.
Joseph C. Hoffman, Jr. (Ohio Reg. No. 0056060)

21