IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT DAYTON, OHIO

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**J & H REINFORCING AND STRUCTURAL ERECTORS, INC., et al.,**<br><br>Defendants. | CASE NO. 3:18-CV-00017<br><br>**JUDGE THOMAS M. ROSE**<br><br>MAGISTRATE JUDGE SHARON L. OVINGTON<br><br>**<u>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT</u>** |

This action came before the Court on Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust, Iron Workers District Council of Southern Ohio & Vicinity Pension Trust, Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust (collectively "Plaintiffs") Motion for Default Judgment against Defendants J&H Reinforcing and Structural Erectors, Inc. ("J&H") and Donald A. Hadsell. This Court now grants the Plaintiffs' Motion for Default Judgment against Defendants in its entirety.

I.   BACKGROUND FACTS

This is a suit brought by three (3) employee benefit plans against Defendant J&H for its violations of Section § 515 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1145 ("ERISA"). This suit is also brought against Defendant Ms. Hadsell personally, as he has breached his fiduciary duties with regard to Plaintiffs' plan assets in violation of Section 404(a) of ERISA, 29 U.S.C. § 1104(a), and engaged in one or more prohibited transactions with Plaintiffs as defined in Section 406(b) of ERISA, 29 U.S.C. § 1106(b). This case seeks

delinquent employer contributions, pre-judgment interest, liquidated damages, attorneys' fees and costs, and equitable relief pursuant to the provisions of ERISA. Plaintiffs also seek post-judgment interest pursuant to Title 28 U.S.C. § 1961.

## II. PROCEDURAL HISTORY

On January 16, 2018, Funds filed the Complaint to collect all unpaid amounts owing by Defendants to the Funds for work performed by union iron workers. ECF #1, Complaint. On January 17, 2018, the summonses were issued by this Court. ECF # 2, Summonses. On January 23, 2018, service of the summonses and complaint was perfected on the Defendants as proved by the signed and dated certified mail receipts. ECF # 3-4, Exhs. 1, Summonses Returned Executed. Defendant had twenty-four (24) days after service was perfected to answer the Complaint pursuant to Rules 6(d) and 12(a)(1)(A) of the Federal Rules of Civil Procedure, meaning their answer or other responsive pleadings were due February 16, 2018.

As of February 19, 2018, no answer, motion, or responsive pleading was filed. ECF #5, Aff. of Matthew T. Hurm, Esq., ¶ 4. As Defendants J&H and Mr. Hadsell failed to answer or otherwise defend against Plaintiffs' Complaint, Plaintiffs applied for an entry of default on February 19, 2018. ECF #5, Application. The Clerk made an entry of default against the Defendants on February 20, 2018. ECF #6, Entry of Default. As of this date, no answer, motion, or responsive pleading has been filed. *See* Dkt.

## III. STATEMENT OF FACTS

### A. Plaintiffs Are Multiemployer Employee Benefit Plans Under ERISA

The Benefit Fund provides life insurance, weekly accident and sickness benefits, hospitalization coverage, medical and surgical coverage, and dental coverage for the benefit of participating employees and their families, and is an employee benefit plan within the meaning

2

of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). Aff. Gotthardt ¶¶ 5-6; *see* ECF #1, Complaint Exh. B at Art. II. The Pension Fund was created for the purpose of providing pension, retirement, and death benefits for participating employees and their beneficiaries, and is an employee pension plan within the meaning of Section 3(3) of ERISA, 29 U.S. C. § 1002(3). Aff. Gotthardt ¶¶ 7-8; *see* ECF #1, Complaint Exh. C at Art. II. The Annuity Fund was created for the purpose of providing pension, retirement, and death benefits for participating employees and their beneficiaries, and is an employee pension plan within the meaning of Section 3(3) of ERISA, 29 U.S. C. §1002(3). Aff. Gotthardt ¶¶ 9-10; *see* ECF #1, Complaint Exh. D at Art. II.

Plaintiffs have been established pursuant to the Benefit Trust Agreement, the Pension Trust Agreement, and the Annuity Trust Agreement (collectively the "Trust Agreements") that were entered into by various Iron Worker local unions representing field construction iron workers in Ohio, Kentucky, Indiana, and West Virginia (collectively the "Iron Worker Local Unions"), and various employers having collective bargaining agreements with one or more of the Iron Worker Local Unions. Aff. Gotthardt ¶ 12. Plaintiffs are maintained pursuant to employer contributions required by collective bargaining agreements between the Iron Worker Local Unions and signatory employers. Plaintiffs are multi-employer plans within the meaning of Section 3(37)(A) of ERISA, Title 29 U.S.C. § 1002(37)(A). Aff. Gotthardt ¶ 11; ECF #1, Complaint ¶ 24.

### B. Defendant J&H Was Obligated To Make Contributions To Plaintiffs

At all times relevant herein, Defendant J&H was an employer engaged in the building and construction industry. It employed and continues to employ iron worker employees who are represented by Iron Workers Local Union #172 ("Local 172") and Iron Workers Local Union #769 ("Local 769"). Defendant J&H is signatory to a participation agreement with Plaintiffs that

is dated August 17, 2017 ("Participation Agreement"). Aff. Gotthardt ¶ 15. The Participation Agreement binds Defendant J&H to the Trust Agreements and to the Iron Workers Local Unions' various collective bargaining agreements, including Local 172's collective bargaining agreement and Local 769's collective bargaining agreement ("CBAs"). *Id*. at ¶ 16.

The Participation Agreement, the Trust Agreements, and the CBAs each obligate Defendant J&H to make contributions to Plaintiffs. *Id*. The Participation Agreement further obligates Defendant J&H to abide by the terms of Trust Agreements and requires them to make such contributions to Plaintiffs as are required by the CBAs. *Id*. Pursuant to the Trust Agreements, Defendant J&H was required to make employer contributions to Plaintiffs based on the number of hours worked by their covered employees. *Id*. at ¶ 21. Pursuant to the Trust Agreements, the Plaintiffs' Board of Trustees were empowered to pass rules related to the collection of unpaid contributions and therefore approved a Statement of Policies and Procedures on Delinquent Collection ("Collection Policy"). *Id*. at ¶ 19-20. Pursuant to the Trust Agreement and the Collection Policy, employer contributions are due to Plaintiffs monthly. *Id*. at ¶ 22. Contributing employers are also required to submit monthly reporting forms showing the total number of hours worked by covered employees in a reporting period. *Id*. at ¶ 21-22. When an employer fails to meet its obligation to submit required contributions, and/or its hourly reports, the employer is subject to penalties and interest on owed amounts. *Id*. at ¶ 22.

### C. Mr. Hadsell was a Fiduciary To Plaintiffs; Exercised His Discretion And Control Over Plan Assets

Defendant Mr. Hadsell is the owner and principal officer for Defendant J&H. ECF #1, Complaint ¶¶ 15, 78-80. Defendant Mr. Hadsell is a fiduciary to Plaintiffs within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) because he exercises or has exercised authority or control with regard to the management or disposition of monies that Defendant J&H

4

owes to Plaintiffs for fringe benefit contributions. *Id.* at ¶¶ 81-95. Pursuant to Article I, Section 6 of the Benefit Trust Agreement and Article III, Section 6 of the Pension Trust Agreement and Annuity Trust Agreement, Employer Contributions "are Fund Assets at the time that they become due as stated in the collective bargaining agreements between the Unions and the Employers, the participation agreements, and [the] Trust Agreement[s]." *Id.* at ¶ 29.

Pursuant to Article I, Section 15 of the Benefit Trust Agreement and Article III, Section 15 of the Pension Trust Agreement and Annuity Trust Agreement, "Fund Assets" include:

> [T]he sums of money that have been or will be paid or which are due and owing to the Trusts by the Employers as Employer Contributions required by the collective bargaining agreements between the Unions and the Employers, the participation agreements, the Trust Agreements, as well as signed stipulations (including, but not limited to settlement agreements, promissory notes, and judgments), or applicable law.

*Id.* at ¶ 30. Pursuant to Article III, Section 10 of the Benefit Trust Agreement and Article VIII and Section 10 of the Pension Trust Agreement and Annuity Trust Agreement, a contributing employer's owners, officers, employees, agents, and/or representatives may be held personally liable for failing to make Employer Contributions, which as a result of their delinquent payment have become Fund Assets, providing as follows:

> Not by way of limitation, any of an Employer's officers, owners, employees, agents, and/or representatives, however characterized, who exercise discretion and/or control with respect to the management, disposition, payment, or nonpayment of Employer Contributions that are due and owing to the [Trusts] (or any Fund Assets) shall be deemed "fiduciaries" of the [Trusts] within the meaning of [ERISA], including but not limited to 29 U.S.C. §1002(21)(A)(i), and shall be personally liable to the [Trusts] for the unpaid contributions, as well as all other amounts and damages resulting from the breach of fiduciary duty pursuant to ERISA, including but not limited to 29 U.S.C. §1109.

*Id.* at ¶ 31.

Defendant Mr. Hadsell has exercised his discretion and/or control by determining whether and when amounts earned by Plaintiffs' participants as part of their wages will be paid

5

to Plaintiffs as required, or used for other impermissible purposes. *Id*. at ¶¶ 88-92. As fully put forth below, Defendant J&H, through Defendant Mr. Hadsell's direction and or control, failed to remit earned fringe benefit contributions to Plaintiffs. *Id*. at ¶¶ 85-88, 96. These contributions were Plaintiffs' assets at the time they were earned and came due pursuant to the Trust Agreements. *Id*. at Exhs. 1-3. As itemized below and in the attached Affidavit of Peggy Gotthardt, Mr. Hadsell's use of discretion over these monies has unlawfully deprived Plaintiffs of <u>Fifty-Four Thousand, Eight Hundred and Five Dollars and Thirty Cents ($54,805.30)</u> in assets and owe Plaintiffs <u>Two Thousand, Two Hundred and Forty-Five Dollars ($2,245.00)</u> in attorneys' fees and court costs. Aff. of Gotthardt ¶¶ 23-33.

IV. **ANALYSIS**

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See Fed. R. Civ. P. 55(a)*. Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true. See Fed. R. Civ. P. 8(b)(6) (finding all allegations in a complaint not timely denied are accepted as true); *Stooksbury v. Ross*, 528 Fed.Appx. 547, 551 (6th Cir. 2013) (treating the factual allegations of a complaint on liability as true because defendant produced no timely responsive pleading); *Trice v. Lake & Country Real Estate*, 831 F.2d 1064 (6th Cir. 1987); *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (6th Cir. 1981). However, those allegations relating to the amount of damages suffered are ordinarily not accepted as true unless the amount claimed is capable of ascertainment from definite figures contained in detailed affidavits. *United States v. Thomas*, No. 3:14-CV-318, 2015 WL 1324379,

at *1 (N.D. Ohio Feb. 17, 2015) (Rose J.) ("However, a default judgment does not automatically establish the liability claimed by the non-defaulting party unless the amount is certain.")

### A. Defendant J&H's Obligation To Contribute To Plaintiffs Is Indisputable

Plaintiffs are employee benefit plans within the meaning of ERISA, and multiemployer plans within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145, which states, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement[.]"

Defendant J&H is bound by the Participation Agreement and by the CBAs. Aff. Gotthardt, ¶ 16. Hence, Defendant J&H is obligated to abide by the terms of the Trust Agreements, and the Collection Policy including the payment of contributions for each hour worked by a participating union iron worker and the timely submission of monthly reporting forms to Plaintiffs. *Id*. at ¶¶ 16, 19, 22. Defendant J&H has failed to contribute to Plaintiffs in accordance with its obligation under the Participation Agreement, the Trust Agreements, the Collection Policy, and the CBAs. *Id*. at ¶¶ 16, 19, 22-33.

By entering into the Participation Agreement, Defendant J&H agreed to be bound by the terms of the Trust Agreements. *Id.* at ¶ 16. Article III of the Benefit Trust Agreement, Article VIII of the Pension Trust Agreement, and Article VIII of the Annuity Trust Agreement require Defendant J&H to make employer contributions to Plaintiffs pursuant to the terms of the CBAs. ECF #1, Complaint, Exh. 1-3. Defendant J&H's failure to make such contributions is a violation of Section 515 of ERISA, 29 U.S.C. § 1145, for which Plaintiffs are entitled recover owed delinquent contributions, liquidated damages, equitable relief, as well as their reasonable costs

7

and attorneys' fees from Defendant J&H. Indeed, Section 502(g) of ERISA, 29 U.S.C. § 1132(g) provides:

> (2) In any action under this sub chapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of -
> (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

**B.  Defendant J&H Failed To Make Contributions To Plaintiffs As Required and Plaintiffs' Damages Are Clear And Subject To Mathematical Calculation.**

As required by Federal Rule of Civil Procedure 55(a), Plaintiffs' damages for delinquent contributions, liquidated damages, and interest are subject to a clear mathematical calculation. To date, Defendants have failed and/or refused to remit delinquent hourly contributions, interest, and liquidated damages to Plaintiffs. The hourly reporting forms that Defendant J&H, by and through Defendant Mr. Hadsell, has submitted to Plaintiffs and the calculations for interest and liquidated damages performed using those reports show that Defendants are $54,805.30 in arrears to Plaintiffs. Aff. Gotthardt, ¶¶ 23-33. Ms. Gotthardt determined the amount of the Defendants' delinquent contributions, liquidated damages, and interest based on employer reporting forms that Defendant Mr. Hadsell or other corporate officers or employees prepared and submitted to Plaintiffs on behalf of Defendant J&H. *Id*. at ¶ 28.

The amounts owed by Defendants are fair and reasonable. Defendant J&H, as controlled by Defendant Mr. Hadsell, voluntarily signed the Participation Agreement, binding them to the Trust Agreements, the Collection Policy and to the CBAs, including the fringe benefit and wage provisions.

### C. Defendant Mr. Hadsell Indisputably Violated His Fiduciary Duty, Engaged in a Prohibited Transaction, and is Personally Liable for Defendant J&H's Debts.

Defendant Mr. Hadsell was a fiduciary under the Trust Amendments and under Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i) because he exercised authority and control over Defendant J&H and its financial assets, which could have been used to pay Plaintiffs' contributions. ECF #1, Complaint, ¶¶ 92, 95. Defendant J&H's financial assets have not been applied to Plaintiffs' contributions which remain outstanding in full because of Defendant Mr. Hadsell's exercise of his authority or control. *Id*. at ¶¶ 88, 95 Defendant Mr. Hadsell has breached his fiduciary duties to Plaintiffs. *Id*. at ¶¶ 92, 95.

By diverting, permitting, or allowing the diversion of employer contributions and other monies from Plaintiffs that could have been applied toward contributions to Plaintiffs, Mr. Hadsell dealt with Plaintiffs' assets in his own interest or account or in the related interest or account of J&H over which he has authority and control, in violation of Section 406(b) of ERISA, 29 U.S.C. § 1006(b) by engaging a permitted transaction. *Id*. at ¶¶ 101-102.

By the aforementioned acts, errors, and omissions described herein, Defendant Mr. Hadsell is personally liable to make good to Plaintiffs for all losses resulting from such breaches. *Id*. at ¶ 97.

### D. Defendant Mr. Hadsell is Liable For Attorneys' Fees And Costs Paid For Or Owed By Plaintiffs.

Article III of the Benefit Trust Agreement, Article VIII of the Pension Trust Agreement, and Article VIII of the Annuity Trust Agreement state that "[s]hould legal action be necessary to effect collection of contributions owed to the Fund, the Employer shall pay all costs (including attorney fees) incurred by the Trustees." ECF #1, Complaint, Exhs. 1-3.

Plaintiffs have incurred $2,245.00 in costs collecting from Defendants, including attorneys' fees and court costs. Aff. Gotthardt, ¶ 33. As employers that are bound to the Trust Agreements through the Participation Agreement, Defendants are liable for all of those fees and costs. *Id*.

The amounts owed by Defendants for attorneys' fees and costs are fair and reasonable. Defendant Mr. Hadsell and Defendant J&H (through Defendant Mr. Hadsell) are directly responsible for the accumulation of all the attorneys' fees and costs paid or owed by Plaintiffs.

### E. Defendants Are Jointly And Severally Liable To Plaintiffs For All Amounts Owed

Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1) provides that "…a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—(A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan." *See also, Road Sprinkler Fitters Local Union No. 669, U.A., AFL-CIO, et al. v. Dorn Sprinkler Company, et al.*, 2010 WL 1849341, *6 (S.D. Ohio 2010), *quoting*, *Briscoe v. Preferred Health Plan, Inc.*, 578 F.3d 481, 485 (6th Cir. 2009). Section 409(a) of ERISA, 29 U.S.C. § 1109(a) establishes the penalty for a breach of fiduciary duty, providing, "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries

by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach…"

In determining whether a contributing employer's owner/officer can be held personally liable pursuant to Section 409 of ERISA, 29 U.S.C. § 1109 for failing to remit fringe benefit contributions, this Court should look to the applicable trust agreement to determine whether due but unpaid employer contributions are "plan assets." *See, Dorn Sprinkler Company,* supra., at 5, (citing, *Sheet Metal Workers Local 98 Pension Fund v. Air Tab, Inc.,* 2008 U.S. Dist. LEXIS 80492 (S.D. Ohio 2008)). In *Dorn Sprinkler*, the Court found a company's president and manager to be personally liable for due but unpaid employer fringe benefit contributions. In so finding, the court explained that the trust agreements at issue provided that fund assets were defined to include delinquent employer contributions. *Id*. The fiduciary breach in *Dorn Sprinkler*, was established, in part, because the company president/manager admittedly paid other creditors ahead of the pension and health and welfare trusts.

In the instant case, the Trust Agreements clearly establish that unpaid fringe benefit contributions are plan assets at the time they become due. ECF #1, Complaint, Exhs. 1-3. Defendant Mr. Hadsell was a fiduciary when he exercised his discretion and/or control over Defendant J&H's delinquent contributions owed to Plaintiffs, including his decision to pay Defendant J&H's other creditors/suppliers ahead of Plaintiffs. *Id*. at ¶¶ 92, 95. Furthermore, the Trust Agreements, as amended, establish that Plaintiffs may impose personal liability on a corporate officer/owner when delinquent fringe benefit contributions are unpaid. *Id*. at Exhs. 1-3. Thus, Defendant Mr. Hadsell is personally liable to Plaintiffs for his violations of Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1).

Defendant Mr. Hadsell is also personally liable to Plaintiffs for engaging in one or more prohibited transactions as set forth in Sections 406(b)(1) and (2) of ERISA, 29 U.S.C. §§ 1106(b)(1) and (2). As stated above, Defendant Mr. Hadsell was a fiduciary with respect to delinquent employer contributions due to Plaintiffs from Defendant J&H under Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1). *Id*. at ¶¶ 92, 95. By using their discretion and/or control to deprive Plaintiffs of owed contributions, Mr. Hadsell engaged in one or more prohibited transactions under Sections 406(B)(1) and (2) of ERISA, 29 U.S.C. §§ 1106(b)(1) and (2). See *Dorn Sprinkler*, *supra.*, *at* 7.

**CONCLUSION**

Accordingly, based on the foregoing this Court GRANTS Plaintiffs the following relief:

**AS TO DEFENDANT J&H:**

1. A declaratory order finding J&H is bound to the Trust Agreements and the Participation Agreement.

2. A monetary judgment in favor of Plaintiffs and against J&H for **$54,805.30**, which represents unpaid fringe benefit contributions, interest, and liquidated damages found to be due and owing under the Employee Retirement Income Security Act ("ERISA").

3. A monetary judgment against J&H and in the ERISA Trusts' favor of the ERISA Trusts' for $1,845.00 in attorneys' fees and $400.00 in other costs of this action pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

4. That a permanent injunction be issued against J&H pursuant to Section 502(g)(2)(E) of ERISA prohibiting future violations of Section 515 of ERISA, 29 U.S.C. § 1145 with respect to Plaintiffs.

5. A declaratory order from this Court requiring J&H to timely submit all missing contribution reports, and to timely submit all such reports in the future.

6. A monetary judgment against J&H for all unpaid contributions, interest, and liquidated damages owed under all missing contribution reports.

7. A declaratory order from this Court requiring J&H to comply with Plaintiffs' auditor's request to examine and review the documents necessary to complete a payroll audit, should the ERISA Trusts' Board of Trustees deem such an audit to be necessary.

8. A monetary judgment against J&H in favor of Plaintiffs for all unpaid fringe benefit contributions, interest, and liquidated damages, as such amounts are found to be due and owing after Plaintiffs complete an audit of J&H's payroll records, in the event that Plaintiffs' Board of Trustees deem such an audit to be necessary.

9. In the event that a payroll audit is deemed necessary, Plaintiffs shall be liable for the costs of such audit.

10. A declaratory order directing disgorgement of all ill-gotten gains by J&H, including employer contributions that have been wrongfully withheld from Plaintiffs.

11. Post-judgment interest pursuant to 28 U.S.C. § 1961.

12. Such other legal or equitable relief as this Court deems appropriate.

**AS TO MR. HADSELL:**

13. A declaratory order finding that Mr. Hadsell has breached his fiduciary duties owed to Plaintiffs.

14. A declaratory order finding that Mr. Hadsell has engaged in prohibited transactions under ERISA.

15. A declaratory order finding that Mr. Hadsell is personally liable as well as jointly and severally liable together with J&H, to reimburse Plaintiffs for all losses resulting from each such fiduciary breach pursuant to Section 409(a) of ERISA, 29 U.S.C. §1109(a), including the **$54,805.30** in known delinquent contributions, interest, liquidated damages, as well as any additional amounts that may be owed.

16. A declaratory order directing an accounting of all of J&H's delinquent contributions that have not been paid to Plaintiffs due to Mr. Hadsell's orders or direction, and an accounting of all losses suffered by Plaintiffs and their participants as a result of Mr. Hadsell's fiduciary breaches and prohibited transactions, with the costs of such accounting to be paid by Mr. Hadsell, should Plaintiffs' Board of Trustees deem such an audit to be necessary.

17. A monetary judgment against Mr. Hadsell in favor of Plaintiffs for all unpaid fringe benefit contributions, interest, and liquidated damages, as such amounts are found to be due and owing after Plaintiffs complete an audit of J&H's payroll records, in the event that Plaintiffs' Board of Trustees deem such an audit to be necessary.

18. A monetary judgment against Mr. Hadsell for all unpaid contributions, interest, and liquidated damages owed under all missing contribution reports.

19. An award of all of Plaintiffs' $1,845.00 in attorneys' fees and $400.00 in costs incurred in the investigation, initiation, and prosecution of the claims set forth in this action pursuant to 29 U.S.C. § 1132(g)(2)(D).

20. A monetary order directing Mr. Hadsell to pay to Plaintiffs all amounts required to recover the losses suffered by Plaintiffs and their participants, including all rights and benefits to which such participants were entitled to under Plaintiffs' governing plan documents, as a result of his breaches of fiduciary duty and prohibited transactions.

21. A declaratory order directing disgorgement of all ill-gotten gains by Mr. Hadsell, including employer contributions that have been wrongfully withheld from Plaintiffs.

22. Post-judgment interest pursuant to 28 U.S.C. § 1961.

23. Such other relief as the Court may deem equitable and just under the circumstances.

24. Plaintiffs would request that this Court retain jurisdiction over this Case pending J&H's and Mr. Hadsell's compliance with its orders.

25. All other legal or equitable relief as the Court deems appropriate.

**IT IS SO ORDERED**

Date: February 28, 2018

s/Thomas M. Rose
Thomas M. Rose
United States District Judge